## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY

| | |
|---|---|
| AMANDA DUVALL ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cv-02579 |
| ) | |
| v. ) | |
| ) | |
| WAL-MART STORES, INC. ) | |
| ) | |
| Defendant. ) | |

### AMENDED PETITION FOR DAMAGES

COMES NOW the Plaintiff Amanda DuVall, by and through counsel, and for her cause of action against Defendant Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), alleges and states as follows:

### PARTIES

1. Plaintiff Amanda DuVall, is, and at all times mentioned herein was, a Kansas resident, residing at 1118 E. Pine, Fort Scott, Bourbon County, Kansas.

2. Defendant Wal-Mart is, and at all times mentioned herein was, a foreign for profit corporation organized in Delaware, headquartered in Arkansas, and authorized to conduct and conducting business in Kansas and operating at 2500 S. Main Street, Fort Scott, Bourbon County, Kansas.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action in that it arises from a tort committed within the State of Kansas.

4. Venue lies in this Court pursuant to K.S.A. § 60-604 and K.S.A. § 60-603, in that this action involves a personal injury occurring in Bourbon County, Kansas.

## FACTUAL ALLEGATIONS

5. On or about November 28, 2013, Plaintiff was a customer at Wal-Mart waiting in line for Defendant's early Black Friday sale.

6. Plaintiff arrived at 5:00 p.m. to get in line for the 8:00 p.m. sale of a $49.99 tablet.

7. Defendant employees explained to the crowd how the sale would work and sent away security.

8. At 8:00 p.m., Defendant's employees cut the wrapper/tape off of the pallet and the crowd rushed to the tablets.

9. Plaintiff was toward the front of the group of people and reached for the tablet when she was suddenly thrust forward from behind.

10. Upon being thrust forward, her body fell violently to the floor.

11. Upon falling on the floor, her face struck the hard tile.

12. While on the floor, Plaintiff was stomped on by other patrons.

## COUNT I – NEGLIGENCE

13. Plaintiff incorporates herein by reference paragraphs 1-12 of this petition, the same as if fully set forth herein.

14. Defendant Wal-Mart had a duty to Plaintiff to take reasonable measures to protect Plaintiff from the assault occurring at 2500 S. Main St., Fort Scott, Kansas.

15. Defendant Wal-Mart had the ability to control or supervise the behavior of the customers on their premises.

16. Defendant Wal-Mart knew that customers' behavior needed to be controlled because of past incidents of violence and tramplings during previous Black Friday sales.

17. Defendant Wal-Mart failed to take reasonable steps to control or supervise the customers' behavior.

18. Defendant Wal-Mart owed Plaintiff a duty to take reasonable and necessary precautions and measures designed to protect and secure Plaintiff and others similarly situated.

19. Defendant Wal-Mart breached their duty to Plaintiff and were negligent in one or more of the following respects:

    a) Failing to exercise reasonable care with respect to the safety and security of individuals, including Plaintiff, at Wal-Mart;

    b) Failing to set and enforce rules and regulations to protect the customers on the premises of Wal-Mart;

    c) Failing to supervise personnel in the handling of aggressive behavior;

    d) Failing to train personnel in the handling of aggressive behavior at Wal-Mart;

20. Defendant's negligence arose to a reckless disregard for the safety of its patrons.

21. As a direct and proximate result of Defendants' negligent acts and omissions, Plaintiff sustained injuries and damages.

22. As a direct and proximate result of Plaintiff's injuries, she has suffered and will continue to suffer from great bodily pain in her head, neck, back, loss of enjoyment of life, and significant medical expenses.

23. As a direct and proximate result of Defendant's negligent acts and omissions, Plaintiff will likely sustain lost earning capacity.

24. Defendant's conduct showed complete indifference to or conscious disregard for the safety of others, including Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Wal-Mart in an amount in excess of $75,000 and punitive damages such as will fairly and reasonably compensate Plaintiff for her damages, for her costs incurred herein, and for such further relief as the Court deems just and proper under the circumstances of this case.

## COUNT II – KANSAS CONSUMER PROTECTION ACT

25. Plaintiff incorporates herein by reference each and every paragraph 1-23 as if fully set forth herein.

26. Upon information and belief, Wal-Mart was at all times relevant herein suppliers of consumer goods and services as defined by K.S.A. 50-624.

27. Defendant Wal-Mart engaged in deceptive acts practices by offering property or services without intent to supply reasonable, expectable public demand.

28. Defendant misrepresented the availability of the item for $49.99 tablet.

29. Defendant concealed or suppressed the fact that demand would vastly outweigh the supply of the $49.99 tablet.

30. Defendant concealed or suppressed the fact that Defendant would not provide sufficient security to maintain an orderly line for individuals wishing to purchase the item when Defendant knew or had reason to know that such security would be necessary.

31. Defendant failed to conspicuously state the total number of items available in advertisements for the sale when they had reason to know that demand would vastly outstrip the supply.

32. Defendant's actions rose to a level of intentional conduct that resulted in harm to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Wal-Mart in an amount in excess of $75,000 and punitive damages such as will fairly and reasonably compensate Plaintiff for her damages, for her costs incurred herein, for attorney's fees pursuant to K.S.A. 50-634, for civil penalties pursuant to K.S.A. 50-636, for a declaration that Defendant has engaged in unconscionable and/or deceptive acts and practices, for an injunction prohibiting Defendant from utilizing or attempting to enforce its purported waiver agreement in other cases, and for such further relief as the Court deems just and proper under the circumstances of this case.

        CASTLE LAW OFFICE OF KANSAS CITY

        */s/ Heather A. Lottmann*
        Heather A. Lottmann, KS Bar No. 24272
        Andrew C. Schendel, KS Bar No. 24045
        811 Grand Blvd., Suite 101
        Kansas City, MO 64106
        P: 816-283-0303
        F: 816-842-0016
        hlottmann@castlelaw-kc.com
        aschendel@castlelaw-kc.com
        ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF MAILING**

I hereby certify that a true and accurate copy of the above and foregoing Amended Petition for Damages was filed with Pacer and a copy was served via first class U.S. mail, postage prepaid on this 16th day of December, 2014, to the following:

Marcos A. Barbosa
Jonathan E. Benevides
2400 Pershing Road, Suite 500
Kansas City, MO 64108
ATTORNEY FOR DEFENDANTS


*/s/ Heather A. Lottmann*